CHARLES M. THOMAS vs. WEST DULUTH LIGHT & WATER CO.

Submitted on briefs Nov. 4, 1892.    Decided Nov. 29, 1892.

Evidence—Admissibility of.

> Certain unimportant assignments of error in respect to the rulings of the court upon the admission of evidence considered and disposed of.

Appeal by the defendant, the West Duluth Light & Water Company, from an order of the Municipal Court of the Village of West Duluth, Himebaugh, J., made January 22, 1892, denying its application for a new trial.

The plaintiff, Charles M. Thomas, made complaint that he agreed with J. K. Smith, acting for defendant, May 1, 1891, to take from the cars and deliver along the streets of West Duluth all the iron pipe it would need or use during the season, at forty cents per ton; that he worked until August 1st, when he was discharged without cause, to his damage $200. For a second cause of action he stated that at defendant's request, he did work and performed services for it between May 1 and August 1, 1891, of the value of $800, on which it had paid him $565.22, and he asked judgment for the balance. The answer was a denial and a claim that plaintiff was dilatory, careless and negligent in handling and hauling the pipe and in consequence thereof broke a large quantity of it, in violation of his duty to defendant, to its damage $264.73.

On the trial defendant called as a witness the engineer in charge of the construction and asked him whether he ever gave J. K. Smith any authority to make any contract with plaintiff, or any one else. To this, plaintiff objected, the objection was sustained, the evidence excluded, and defendant excepted. This is defendant's second assignment of error.

The defendant then made a formal offer to prove by the witness that Smith was not authorized to make any contract to distribute and deliver pipe, with plaintiff or any other person. This was objected to and excluded, and is defendant's third assignment of error.

The jury found for the plaintiff, and assessed his damages at

$273.68. Defendant moved for a new trial, and, being denied, appealed.

*D. M. De Vore*, for appellant.

*George M. Nelson*, for respondent.

COLLINS, J. This action was brought to recover damages for breach of a contract said to have been entered into by and between the parties, and also to recover a balance claimed to be due plaintiff from defendant on account of work and labor performed and services rendered. We are not required to consider defendant's claim that, in respect to damages for a breach of the contract the complaint failed to state facts sufficient to constitute a cause of action, or its further claim that the verdict was not justified by the evidence. We have before us a bill of exceptions only, and this fails to show that any objection was made to the sufficiency of the complaint in respect to the alleged breach of the contract, or that a single objection was made to the introduction of testimony in support of a claim for damages. If, without objection, the plaintiff was allowed to establish his right to recover, the defendant cannot now take advantage of an insufficient statement of the cause of action; and, in the absence of a settled case containing all of the evidence, we must not only presume that a perfect right to recover for the alleged breach of a contract was well proven, but that in all respects the verdict was supported by the evidence. This leaves nothing for us to consider but the exceptions taken to the rulings of the court admitting evidence, and covered by appellant's second and third assignments of error.

By the answer the making of a contract for removing piping from the cars and distributing it where needed for use, as claimed in plaintiff's first cause of action, was squarely denied. But referring to the first cause of action, defendant admitted that plaintiff had rendered services to it by hauling and distributing piping. Its contention was as to the aggregate value of these services, and, predicated upon an agreement or contract with plaintiff to haul and distribute this piping, it set up a counterclaim for damages arising out of alleged delay by plaintiff in unloading the same from the cars, and his negligence and carelessness when performing the contract or

agreement to deliver and distribute the same. So that, when defendant undertook to show by its engineer in chargé of construction that in his employment of the witness Smith, whose business it was, as shown by the undisputed evidence, to hire and discharge the men, to direct them at their work, and to keep them supplied with materials, he never gave Smith "any authority to make any contract" with plaintiff "or any one else," and also that Smith was not authorized "to make any contract to distribute and deliver pipe with plaintiff or any other person," it attempted to prove that which was immaterial, as well as inadmissible. Of course it was of no materiality what authority Smith had with respect to the making of other contracts or contracts with other persons, and it stood admitted in the answer that an agreement or contract had been made between plaintiff and defendant in reference to hauling and distributing more or less of the piping,—that part at least which was hauled and distributed. With this admission, what authority had been given or withheld, or whether Smith was empowered to make a contract for defendant, was of no moment. Plaintiff concededly was employed by and made his contract—whatever it may have been—with Smith, who was defendant's foreman in actual supervision of the work. The latter was clothed with apparent authority in defendant's behalf— and exercised the authority—to employ such workmen and to take such steps as seemed necessary for the completion of the work. The defendant admits that plaintiff's labor and services were performed and rendered in the prosecution of its work under an agreement or contract with it, and it was wholly immaterial and inadmissible for it to show that in the first instance Smith was without authority to enter into such agreement or contract.

Order affirmed.

(Opinion published 53 N. W. Rep. 710.)